I respectfully dissent. I dissent on the basis of the total lack of evidence. The question is what is in the best interest of the child. The court acknowledges that a surname should not be granted solely to accommodate custom. The basis for granting the name change is that it could foster the relationship between the son and father. This seems to me to be in the best interest of the father and not necessarily in the best interest of the son. It does not appear in the Judgment Entry that the court considered the other factors set forth in Bobo v. Jewell (1988), 38 Ohio St.3d 330, and In re Willhite (1999), 85 Ohio St.3d 28.
One might speculate that to introduce a son with a different name might be embarrassing. However, it may be just as embarrassing to be introduced with a different last name while residing in a household and around family with a different last name. The point is that a name change in the best interest of the child should not be done on speculation, but with evidence to support the conclusion.